IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**UNITED STATES OF AMERICA,**

v.                                              Criminal Action No. 2:00cr82

**SCOTT ANTHONY MARTIN,**

      **Defendant.**

### ORDER and OPINION

      Pending before the court is the defendant's "Motion to Reconsider Resentencing," filed on August 11, 2004.  The government filed a response on August 27, 2004, and moved the court to dismiss the defendant's motion and also to vacate its prior order of July 12, 2004, which reduced the defendant's initial sentence upon a government motion pursuant to Federal Rule of Criminal Procedure 35(b).  Pursuant to the following discussion, the court determines that it is without jurisdiction to act upon the instant motion, as this matter is currently on appeal.  Similarly, it appears that the court was without jurisdiction to entertain and grant the government's Rule 35(b) motion.  Accordingly, the court **DENIES** the defendant's Motion to Reconsider Resentencing, **GRANTS** the government's motion to vacate and hereby **VACATES** its prior order of July 12, 2004.

### I. Background

      The relevant procedural background to the instant motion is as follows.  On March 21, 2001, the defendant was sentenced to a term of 292 imprisonment on a charge of conspiracy to possess with intent to distribute and to distribute cocaine base, to which the defendant had previously pled guilty and entered into a plea agreement with the government.  On March 19,

2002, the defendant filed a motion under 28 U.S.C. § 2255 claiming that he asked his trial counsel to file an appeal, and that no appeal was ever noted or filed.

On March 1, 2004, the court granted in part the defendant's section 2255 motion, vacated his sentence entered on March 21, 2001, and reentered the same sentence. The court granted the defendant thirty (30) days to notice an appeal of his judgment and conviction. On March 30, 2004, the defendant noticed an appeal to the United States Court of Appeals for the Fourth Circuit.

According to the response filed by the government, the defendant's counsel and the government then entered into negotiations whereby the government agreed to file a motion to reduce the defendant's sentence based on his substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b), if the defendant agreed to withdraw both his recently filed appeal and any portions of his prior section 2255 motion that had not been resolved. On June 22, 2004, the defendant filed a motion to dismiss his appeal pursuant to Federal Rule of Appellate Procedure 42(b), which provides for voluntary dismissal upon the appellant's motion. See Fed. R. App. P. 42(b). On June 24, 2004, the Supreme Court issued its decision in Blakely v. Washington, 124 S. Ct. 2531 (2004).

On June 30, 2004, the government filed a motion for a sentence reduction based on the defendant's substantial assistance pursuant to Rule 35(b). The court granted this motion on July 12, 2004. On August 11, 2004, the defendant filed the instant motion, requesting that the court reconsider its order of July 12, 2004, in view of the Blakely decision. The defendant acknowledges that he had received a reduced sentence pursuant to Rule 35(b), but claims that the court made this reduction without contemplation of the much lower starting sentencing range that

the defendant would have received as a result a post-Blakely sentence.  Accordingly, the defendant's motion requests that the court conduct a new sentencing hearing, in which he is resentenced in accord with Blakely, and then given credit pursuant to the government's Rule 35(b) motion.

The government responded on August 27, 2004.  The government's response and the court's review of the Fourth Circuit docket reveals that the Court of Appeals dismissed the defendant's motion to dismiss his appeal on August 25, 2004.  The government explains that the Court of Appeals declined to dismiss the appeal because the defendant withdrew his consent to the dismissal.  Accordingly, the government claims that the defendant is in violation of the terms of his agreement with the government and should not be entitled to a Rule 35(b) motion.  The court, for the purposes of this Order, takes no position on the validity and enforcement of any agreement that the government and the defendant may have reached regarding the filing of a Rule 35(b) motion.

## II. Discussion

The defendant's motion was filed well in advance of the Supreme Court's subsequent application of the principles announced in Blakely to the federal sentencing guidelines in United States v. Booker, 125 S. Ct. 738 (2005).  In view of the holding of the remedial majority in Booker that the guidelines remain in effect in an advisory capacity, it is entirely likely that the mandatory range that served as the basis for the defendant's initial sentence in March of 2001 would be the advisory range in any subsequent resentencing.  See Booker, 125 S. Ct. at 767.

The court, however, need not speculate as to how any subsequent resentencing should operate.  It is apparent that the defendant's case was on direct appeal at the time of both Booker

and <u>Blakely</u>, such that these decisions would seem to apply in his case. The court will not speculate, however, on what effect these decisions might have, as the defendant's motion clearly invites the court to do. Instead, the real issue, as identified by the government in its response, is what effect the pendency of the defendant's appeal during the time that this court entered its order of July 12, 2004 had on that order and currently has on the instant motion.

The court observes that it may consider at any time any obstacles to its subject matter jurisdiction. <u>United States v. White</u>, 139 F.3d 998, 1000 (4th Cir. 1998). The filing of a notice of appeal is an event of jurisdictional significance that confers jurisdiction in the court of appeals. <u>See</u> <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982). As the government references, the defendant's filing of a notice of appeal on March 30, 2004 divested this court of jurisdiction over any aspects of the defendant's case involved in the appeal, including an appeal of his sentence. <u>See id.</u> at 58; <u>United States v. Christy</u>, 3 F.3d 765, 768 (4th Cir. 1993). A mandate from the court of appeals is required to return the matter to the district court. "Until the mandate issues, the case is 'in' the court of appeals, and any action taken by the district court is a nullity." <u>Kusay v. United States</u>, 62 F.3d 192, 194 (7th Cir. 1995). Thus, the court cannot consider the defendant's instant motion to reconsider the extent of the sentence reduction awarded the defendant in the July 12, 2004 order.

Moreover, the transfer of jurisdiction from a district court to the court of appeals precludes a district court from ruling on a Rule 35(b) motion while a defendant's appeal is pending. <u>See</u> <u>United States v Turchen</u>, 187 F.3d 735, 743 (7th Cir. 1999) (finding that once notice of appeal has been filed, district court lacks jurisdiction to rule on Rule 35(b) motion); <u>United States v. Ledbetter</u>, 882 F.2d 1345, 1347-48 (8th Cir. 1989) (collecting cases stating

4

same); United States v. Sturkey, 88 Fed. Appx. 575, 577 (4th Cir. 2004) (finding that district court erred in granting government's Rule 35(b) motion after defendant noticed her appeal because district court lacked jurisdiction). When the court granted the government's Rule 35(b) motion, it was with the understanding that the defendant's appeal had been dismissed. In fact, a motion to dismiss the appeal had been filed on June 22, 2004, however; it now appears that the defendant withdrew his consent for the dismissal in the wake of the Blakely decision. From a review of the Fourth Circuit's docket, it appears that the defendant's appeal is still proceeding in the Court of Appeals. Accordingly, as the appeal was not dismissed and no mandate was issued, this court lacked jurisdiction to grant the government's Rule 35(b) motion and reduce the defendant's sentence. See Turchen, 187 F.3d 735, 743.

Because the court finds that it lacked jurisdiction to reduce the defendant's sentence while an appeal was pending, the court must vacate its order of July 12, 2004 that granted the defendant a sentence reduction. See Berman v. United States, 302 U.S. 211, 213 (1937) (noting that district court is without jurisdiction to modify judgment by resentencing defendant during pendency of appeal of judgment). The court does not believe that in vacating its prior order it is intruding upon the jurisdiction of the Court of Appeals over this matter. The court is not acting to modify its order of July 12, 2004; rather, the court concludes that it was without jurisdiction to even entertain the government's Rule 35(b) motion and reduce the defendant's sentence. See Kusay, 62 F.3d at 194 (noting that proceedings before district court while matter is on appeal amount to nullity). Thus, acting to vacate the July 12, 2004 order is a necessary consequence of this court's recognition that it lacked judicial authority over this matter at the time the July 12, 2004 order was entered. See Anic v. Reno, 114 F. Supp. 2d 871, 872 (E.D. Mo. 2000) (vacating prior order

after finding that court lacked subject matter jurisdiction over matter); Crawford v. Mokharti, 842 F. Supp. 840, 844 (D. Md. 1994) (finding that court lacked subject matter jurisdiction and vacating orders previously entered in case).

### III. Conclusion

Accordingly, as the court currently lacks jurisdiction over this matter while the appeal remains pending, the defendant's Motion to Reconsider Resentencing is **DISMISSED**. Additionally, the government's motion to vacate this court's prior order of July 12, 2004 is **GRANTED**. The order entered on that date, which had the effect of reducing the defendant's sentence pursuant to the government's Rule 35(b) motion, is hereby **VACATED**. Should this matter be returned to this court following action by the Court of Appeals, the court will reconsider the outstanding Rule 35(b) motion.

The Clerk is **REQUESTED** to send copies of this Order to the defendant and his counsel, to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510, and to the United States Court of Appeals for the Fourth Circuit, to be associated with the defendant's pending appeal in Docket Number 04-4296.

**IT IS SO ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 7th, 2005